TRI-CITY ELECTRIC COMPANY, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; MARTIN A. SOLL, Assistant Attorney General, for Respondent.

PER CURIAM.

(No. 75-CC-583–

WALTER DANNENBERGER, Claimant, *vs.* STATE OF ILLINOIS, DEPARTMENT OF MENTAL HEALTH, Respondent.

*Opinion filed February 13, 1975.*

WALTER DANNENBERGER, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises as a result of an hourly increase for plumbers from $7.96 to $8.96. This increase was approved by the Department of Labor and reported to the Department of Mental Health on October 9, 1974, thereby allowing insufficient time for changes to be made for the payroll effective period. Back salary is sought for April 1, 1974, through June 30, 1974. The Departmental Report indicates Mr. Dannenberger is due $530.25.

We find that claimant is entitled to back salary in the gross amount of $530.25, plus employer contributions of $62.84, for a total employee benefit of $593.09 which should be disbursed by the Comptroller and credited as follows:

To the State Employees' Retirement System as follows:

$ 21.21 Employee's contribution to State Employees' Retirement System

$ 31.02 Employee's contribution to F.I.C.A.

$ 31.82 State's contribution to State Employees' Retirement System

$ 31.02 State's contribution to F.I.C.A.

To the Illinois State Treasurer to be remitted to the Internal Revenue Service:

$ 0 as claimant's Federal Income Tax withholding for current taxable year.

To the Illinois Department of Revenue, Income Tax Division:

$ 0 as claimant's Illinois Income Tax withholding for current taxable year.

Net to claimant:

$478.02 as claimant's net salary after *all* of the above contributions and withholdings have been deducted from the above total employee benefit.

It Is, THEREFORE, ORDERED that claimant be and is hereby awarded, the total employee benefit of $593.09 (FIVE HUNDRED NINETY-THREE DOLLARS AND NINE CENTS) to be disbursed and credited in accordance with our above finding.